UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUHAN DAVIS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>C.C.I. TEHACHAPI WARDEN, et al.<br><br>　　　　　　Respondents. | Case No.  CV 17-00131-DSF (KES)<br><br>ORDER TO SHOW CAUSE WHY HABEAS PETITION SHOULD NOT BE DISMISSED AS UNTIMELY |

On January 6, 2017, Duhan Davis ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 ["Petition"].) For the reasons set forth below, the Court orders Petitioner to show cause why the Petition should not be dismissed as untimely.

## I.

## BACKGROUND

The following facts are taken from the Petition, the Court's own records, or public records; where necessary, the Court takes judicial notice of the latter. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson,

631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

On April 30, 2004, Petitioner pled no contest to second-degree robbery and voluntary manslaughter in the California Superior Court for Los Angeles County. (Petition at 15, 41.[1]) Petitioner was sentenced to 18 years, and he is currently incarcerated in the Tehachapi, California. (Id. at 15.) He did not file a direct appeal. (Id. at 2 ¶ 3.) It appears that Petitioner sought habeas relief in the state courts as follows:

| **Filing Date** | **Court** | **Case No.** | **Disposition** |
| --- | --- | --- | --- |
| Aug. 11, 2016 | California Superior Court | TA072182 | Denied on Sept. 19, 2016 |
| Oct. 11, 2016 | California Court of Appeal | B278175 | Summarily denied on Oct. 19, 2016 |
| Oct. 31, 2016 | California Supreme Court | S238101 | Summarily denied on Dec. 14, 2016 |

In his current federal Petition, Petitioner appears to be arguing that he is entitled to relief based on Johnson v. United States, 135 S. Ct. 2551 (2015). He attaches this decision and, from the order denying his Superior Court habeas petition, this appears to be the argument he raised in his state court petitions. (Dkt. 1 at 4, 18.)

## II.
## LEGAL STANDARD

The Ninth Circuit has held that a district court has the authority to raise a statute of limitations issue sua sponte when untimeliness is obvious on the face of a habeas petition, and to summarily dismiss the petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, as long as the Court "provides the petitioner with adequate notice and an

---

[1] All page numbers refer to the CM/ECF pagination.

opportunity to respond." Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); see also Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

This action is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Lindh v. Murphy, 521 U.S. 320, 336 (1997) (holding that AEDPA applies to cases filed after its effective date of April 24, 1996). AEDPA provides as follows:

> **(d) (1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** *the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review*; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added).

Thus, AEDPA "establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition." Jimenez v. Quarterman, 555 U.S. 113, 114 (2009). The statute of limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' for purposes of § 2244(d)(1)(a) on the date that the time for seeking such review expires." Gonzalez v. Thaler, 565 U.S. 134, 135 (2012). In California, the time for seeking such review is 60 days after judgment is rendered. See California Rules of Court, Rule 8.308.

Alternatively, if the petitioner is relying on a newly created constitutional right that has been made retroactive to cases on collateral review, the one-year deadline does not begin to run until the date on which the new right was initially recognized by the United States Supreme Court. See 28 U.S.C. § 2244(d)(1)(C). "In order for a constitutional right newly recognized by the Supreme Court to delay the statute of limitations the right must not only be newly recognized, but must also be retroactively applicable to cases on collateral review." Packnett v. Ayers, 2008 WL 4951230, at *4 (C.D. Cal. Nov. 12, 2008). The one-year statute of limitations "runs from the date the right was initially recognized, even if the [Supreme] Court does not declare that right to be retroactive until later." Johnson v. Robert, 431 F. 3d 992, 992 (7th Cir. 2005) (citing Dodd v. United States, 125 S. Ct. 2478 (2005)); see also Mason v. Almager, 2008 WL 5101012 (C.D. Cal. Dec. 2, 2008) (citing Johnson and Dodd).

### III.

### ANALYSIS

**A.    The Petition is Untimely on its Face.**

Petitioner states that he was sentenced in April 2004, and that he did not file a direct appeal. (Petition at 2 ¶ 2(e).) If the statute of limitations runs from the date when his sentence became final under § 2244(d)(1)(A), then his time for filing a

4

§ 2254 habeas petition expired in June 2005, one year and sixty days after the criminal judgment was entered.

However, Petitioner appears to be trying to invoke § 2244(d)(1)(C), which provides that the one-year time limit begins to run on the date the Supreme Court recognizes a new constitutional right that has been made retroactive on collateral review. Petitioner cites <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), which held that a clause in the federal Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was void for vagueness. In <u>Welch v. United States</u>, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that <u>Johnson</u> was a new, substantive decision that has retroactive effect in cases on collateral review.

For the purpose of deciding whether the Petition is timely, the Court assumes (without deciding) that Petitioner can properly challenge his conviction based on <u>Johnson</u>.[2] <u>Johnson</u> was decided on June 25, 2015. Accordingly, Petitioner had until June 25, 2016, one year after <u>Johnson</u> was issued, to file a habeas petition based on that decision. <u>See</u> <u>Robert</u>, 431 F.3d at 992 (holding that the one-year AEDPA statute of limitations "runs from the date the right was initially recognized, even if the [Supreme] Court does not declare that right to be retroactive until later"); <u>see</u>, e.g., <u>Williams v. United States</u>, 2016 WL 2745814, at *10 (D. Haw. May 11, 2016) ("The one-year limitations period for filing his present § 2255 motion [invoking <u>Johnson</u>] requires filing it on or before June 25, 2016."). The present Petition was not constructively filed until December 29, 2016. (Dkt. 1 at 10.) Thus, the Petition is untimely on its face.

**B.     Petitioner has not Shown that He is Entitled to Statutory Tolling.**

AEDPA provides for statutory tolling as follows:

---

[2] This is a generous assumption. For the reasons stated in the Superior Court order denying Petitioner's state habeas petition, it is likely that <u>Johnson</u> has no effect on the legality of Petitioner's convictions. (Dkt. 1 at 41-45.)

5

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The United States Supreme Court has interpreted this language to mean that AEDPA's statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects a petitioner's final collateral challenge, so long as the petitioner has not unreasonably delayed during the gaps between sequential filings. Carey v. Saffold, 536 U.S. 214, 219-21 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.), cert. denied, 529 U.S. 1104 (2000). However, statutory tolling "does not permit the reinitiation of a limitations period that has ended before the state petition was filed," even if the state petition was timely filed. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002). The burden of demonstrating that the AEDPA's one-year limitation period was tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace, 544 U.S. at 418; Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (as amended); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner's first petition for collateral review was filed in the California Superior Court on August 11, 2016 in case no. TA072182. (Dkt. 1 at 42.) At that point, even assuming that the statute of limitations was extended until June 25, 2016, based on the new rule announced in Johnson, it had already expired. The state habeas petitions that Petitioner subsequently filed would not restart the AEDPA limitations period. See Ferguson, 321 F.3d at 823; Jiminez, 276 F.3d at 482; Wixom; 364 F.3d at 898-99. Petitioner is not entitled to statutory tolling unless he can show that he properly filed a habeas petition in a California state court prior to the AEDPA statute

of limitations expiring.

### C. Petitioner has not Shown that He is Entitled to Equitable Tolling.

In Holland v. Florida, 560 U.S. 631, 649 (2010), the Supreme Court held that the AEDPA's one-year limitation period is subject to equitable tolling in appropriate cases. However, in order to be entitled to equitable tolling, a petitioner must show both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented his timely filing. See Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002). Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Waldron-Ramsey, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'"). Again, the burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace, 544 U.S. at 418; Banjo, 614 F.3d at 967; Gaston, 417 F.3d at 1034; Miranda, 292 F.3d at 1065.

In the present case, Petitioner has not offered any explanation for his failure to timely file the Petition. Thus, at present, he does not appear to be entitled to equitable tolling.

### D. Petitioner has not Shown that He is "Actually Innocent" for Purposes of Allowing Him to File a Belated Habeas Petition.

Under Schlup v. Delo, 513 U.S. 298 (1995), "a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a

petitioner who makes such a showing may pass through the Schlup gateway and have his otherwise time-barred claims heard on the merits." Lee v. Lampert, 653 F.3d 929, 932 (9th Cir. 2011). However, "[i]n order to present otherwise time-barred claims to a federal habeas court under Schlup, a petitioner must produce sufficient proof of his actual innocence to bring him within the narrow class of cases … implicating a fundamental miscarriage of justice." Id. at 937 (internal quotation marks and citations omitted). While a petitioner is not required to proffer evidence creating an "absolute certainty" about his innocence, the Schlup gateway is an "exacting standard" that permits review only in the "extraordinary case." Id. at 938; see also House v. Bell, 547 U.S. 518, 538 (2006) ("[I]t bears repeating that the Schlup standard is demanding and permits review only in the 'extraordinary' case.").

Specifically, a petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Lee, 653 F.3d at 938 (quoting Schlup, 513 U.S. at 327). The evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Lee, 653 F.3d at 938-39 (quoting Schlup, 513 U.S. at 316). Further, a petitioner must support his allegations "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." Lee, 653 F.3d at 938 (quoting Schlup, 513 U.S. at 324). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also United States v. Ratigan, 351 F.3d 957, 965 (9th Cir. 2003).

In the present case, Petitioner has not asserted that he is actually innocent of the charged crimes. Thus, at present, he does not appear to be entitled to this exception.

//

//

## IV.
## CONCLUSION

Accordingly, the Petition is untimely on its face and, on the current record, Petitioner has failed to show that he is entitled to statutory tolling, equitable tolling, or the benefit of the actual innocence exception to AEDPA's statute of limitations.

IT IS THEREFORE ORDERED that, on or before **February 13, 2017**, Petitioner shall show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.

DATED: January 17, 2017

_____
KAREN E. SCOTT
United States Magistrate Judge