O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DUHAN DAVIS,

Petitioner,

v.

C.C.I. TEHACHAPI WARDEN, et al.

Respondents.

Case No. CV-17-00131-DSF (KES)

ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY

On December 29, 2016, Duhan Davis ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 ["Petition"].) Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a person in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" As more fully explained below, the present Petition must be dismissed as untimely.

# I.

# BACKGROUND

The following facts are taken from the Petition, the Court's own records, or public court records. Where necessary, the Court takes judicial notice of the latter. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

On April 30, 2004, Petitioner pled no contest to second degree robbery and voluntary manslaughter in the California Superior Court for Los Angeles County. (Petition at 15, 41.[1]) Petitioner was sentenced to 18 years, and he is currently incarcerated in Tehachapi, California. (Id. at 15.) He did not file a direct appeal. (Id. at 2 ¶ 3.) Petitioner then sought habeas relief in the state courts.

In reviewing the state habeas petitions, the Court uses the filing dates given by the state courts in their denial orders attached to the Petition, or the filing date given in the public court records available at http://appellatecases. courtinfo.ca.gov/ . Petitioner might be entitled to an earlier constructive filing date based on the "mailbox rule," which deems a pro se prisoner's filing as constructively filed on the date he delivered it to prison authorities for mailing. See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The actual state petitions filed by Petitioner are not in the record, so the Court cannot determine their constructive filing date based on the date of Plaintiff's signature. This does not preclude the Petition's summary dismissal, however, because even assuming a constructive filing date 15 or 20 days earlier than the actual filing date, this would not change the statute of

[1] All page numbers refer to the CM/ECF pagination.

limitations analysis, as discussed further below.

The state habeas filed by Petitioner are as follows:

| Filing Date | Court | Case No. | Disposition |
|---|---|---|---|
| Aug. 11, 2016 (Petition at 42) | California Superior Court | TA072182 | Denied on Sept. 19, 2016 (Petition at 41-45) |
| Oct. 11, 2016 (Petition at 47) | California Court of Appeal | B278175 | Summarily denied, Oct. 19, 2016 (Petition at 47) |
| Oct. 31, 2016 | California Supreme Court | S238101 | Summarily denied on Dec. 14, 2016 (Petition at 49) |

In his current federal Petition, Petitioner argues that he is entitled to relief based on Johnson v. United States, 135 S. Ct. 2551 (2015). (Dkt. 1 at 4; Dkt. 8 at 3.) This appears to be the same argument that he raised in his 2016 state court habeas petitions. (Dkt. 1 at 41-43 [Superior Court order denying habeas petition].)

On January 17, 2017, the Court ordered Petitioner to show cause why his federal Petition should not be dismissed as untimely. (Dkt. 5 ["OSC"].) Petitioner timely responded. (Dkt. 8.) First, he argues he is entitled to tolling because he only recently became aware of the possibility that Johnson might apply to his California convictions, based on an October 2015 law review article. (Id. at 3, 6-7.) Second, he argues he is entitled to equitable tolling because he had limited access to the prison law library while he was housed in the Administrative Segregation Unit ("ASU") and/or the Security Housing Unit ("SHU"). (Id. at 7-10.)

**II.**

**LEGAL STANDARD**

The Ninth Circuit has held that a district court has the authority to raise a statute of limitations issue sua sponte when untimeliness is obvious on the face of a

habeas petition, and to summarily dismiss the petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as long as the Court "provides the petitioner with adequate notice and an opportunity to respond." Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); see also Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

This action is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Lindh v. Murphy, 521 U.S. 320, 336 (1997) (holding that AEDPA applies to cases filed after its effective date of April 24, 1996). AEDPA provides as follows:

> **(d) (1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this subsection.

28 U.S.C. § 2244(d).

Thus, AEDPA "establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition." Jimenez v. Quarterman, 555 U.S. 113, 114 (2009). The statute of limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' for purposes of § 2244(d)(1)(a) on the date that the time for seeking such review expires." Gonzalez v. Thaler, 565 U.S. 134, 135 (2012). In California, the time for seeking such review is 60 days after judgment is rendered. See California Rules of Court, Rule 8.308.

Alternatively, if the petitioner is relying on a newly created constitutional right that has been made retroactive to cases on collateral review, the one-year deadline does not begin to run until the date on which the new right was initially recognized by the United States Supreme Court. See 28 U.S.C. § 2244(d)(1)(C). "In order for a constitutional right newly recognized by the Supreme Court to delay the statute of limitations the right must not only be newly recognized, but must also be retroactively applicable to cases on collateral review." Packnett v. Ayers, 2008 WL 4951230, at *4 (C.D. Cal. Nov. 12, 2008). The one-year statute of limitations "runs from the date the right was initially recognized, even if the [Supreme] Court does not declare that right to be retroactive until later." Johnson v. Robert, 431 F. 3d 992, 992 (7th Cir. 2005) (citing Dodd v. United States, 125 S. Ct. 2478 (2005)); see also Mason v. Almager, 2008 WL 5101012 (C.D. Cal. Dec. 2, 2008) (citing Johnson and Dodd).

## III.

## ANALYSIS

### A. The Petition is Untimely on its Face.

Petitioner states that he was sentenced in April 2004, and that he did not file a direct appeal. (Petition at 2 ¶¶ 2(e), 3.) If the AEDPA statute of limitations runs from the date when his sentence became final under § 2244(d)(1)(A), then his time for filing a § 2254 habeas petition expired in June 2005, one year and sixty days after the criminal judgment was entered.

Petitioner, however, appears to be invoking § 2244(d)(1)(C), which provides that the one-year time limit begins to run on the date the Supreme Court recognizes a new constitutional right that has been made retroactive on collateral review. Petitioner cites Johnson v. United States, 135 S. Ct. 2551 (2015), which held that a clause in the federal Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was void for vagueness. In Welch v. United States, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that Johnson was a new, substantive decision that has retroactive effect in cases on collateral review.

For the purpose of deciding whether the Petition is timely, the Court assumes (without deciding) that Petitioner can properly challenge his conviction based on Johnson.[2] Johnson was decided on June 25, 2015. Accordingly, Petitioner had until June 25, 2016, one year after Johnson was issued, to file a habeas petition based on that decision. See Robert, 431 F.3d at 992 (holding that the one-year AEDPA statute of limitations "runs from the date the right was initially recognized, even if the [Supreme] Court does not declare that right to be retroactive until later"); see, e.g., Williams v. United States, 2016 WL 2745814, at *10 (D. Haw.

---

[2] This is a generous assumption. For the reasons stated in the Superior Court order denying Petitioner's state habeas petition, it is likely that Johnson has no effect on the legality of Petitioner's convictions. (Dkt. 1 at 41-45.)

May 11, 2016) ("The one-year limitations period for filing his present § 2255 motion [invoking Johnson] requires filing it on or before June 25, 2016."). The present Petition was not constructively filed until December 29, 2016. (Dkt. 1 at 10 [dated signature].) Thus, the Petition is untimely on its face, and will only be considered timely if Petitioner is entitled to statutory or equitable tolling.

**B. Petitioner is Not Entitled to Statutory Tolling.**

AEDPA provides for statutory tolling as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The United States Supreme Court has interpreted this language to mean that AEDPA's statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects a petitioner's final collateral challenge, so long as the petitioner has not unreasonably delayed during the gaps between sequential filings. Carey v. Saffold, 536 U.S. 214, 219-21 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.), cert. denied, 529 U.S. 1104 (2000).

However, statutory tolling "does not permit the reinitiation of a limitations period that has ended before the state petition was filed," even if the state petition was timely filed. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002). The burden of demonstrating that the AEDPA's one-year limitation period was tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace, 544 U.S. at 418; Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (as amended); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner's first petition for collateral review was filed in the California Superior Court on August 11, 2016[3] in case no. TA072182. (Petition at 42.) At that point, even assuming that the statute of limitations was extended until June 25, 2016 based on the new rule announced in Johnson, it had already expired. The state habeas petitions that Petitioner subsequently filed would not restart the AEDPA limitations period. See Ferguson, 321 F.3d at 823; Jiminez, 276 F.3d at 482; Wixom; 364 F.3d at 898-99. Petitioner's response to the OSC does not allege that he filed any state habeas petitions prior to June 2016. Accordingly, Petitioner is not entitled to statutory tolling, because he has not shown that he properly filed a habeas petition in a California state court prior to the AEDPA statute of limitations expiring.

**C. Petitioner is Not Entitled to Equitable Tolling.**

In Holland v. Florida, 560 U.S. 631, 649 (2010), the Supreme Court held that the AEDPA's one-year limitation period is subject to equitable tolling in appropriate cases. However, in order to be entitled to equitable tolling, a petitioner must show both that (1) he has been pursuing his rights diligently, and (2) some "extraordinary circumstance" stood in his way and prevented his timely filing. See Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002). Consequently, the Ninth

---

[3] As discussed above, August 11, 2016 is the filing date give in the Superior Court's order denying the petition. (Petition at 42.) Petitioner attaches this order to his federal Petition, and does not allege that he presented the state petition for mailing earlier than August 11, 2016. Even assuming that the prison mailbox rule would give Petitioner the benefit of a few extra days, it would not bridge the gap of more than one month between June 25, 2016 (when the deadline for filing Johnson claims expired) and August 11, 2016 (when the Superior Court habeas petition was actually filed).

Circuit has recognized that equitable tolling will be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). "To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'" Waldron-Ramsey, 556 F.3d at 1011. Again, the burden of demonstrating that the AEDPA's one-year limitation period was tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace, 544 U.S. at 418; Banjo, 614 F.3d at 967; Gaston, 417 F.3d at 1034; Miranda, 292 F.3d at 1065.

In Ramirez v. Yates, 571 F.3d 993 (9th Cir. 2009), the Ninth Circuit considered whether a prisoner's limited access to the prison law library while in administrative segregation warranted equitable tolling:

> We have little difficulty determining that Ramirez is not entitled to equitable tolling from July 11, 2003 through October 1, 2003, simply because he remained in administrative segregation and had limited access to "the law library [and] copy machine." Ordinary prison limitations on Ramirez's access to the law library and copier … were neither "extraordinary" nor made it "impossible" for him to file his petition in a timely manner. Given even the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule-according to Ramirez's theory, AEDPA's limitations period would be tolled for the duration of any and every prisoner's stay in administrative segregation, and likely under a far broader range of circumstances as well.

Id. at 998. The Ninth Circuit did reverse, however, for the district court to consider whether Ramirez was entitled to tolling during a period when he had "a complete

lack of access to [his] legal file," to assess whether this "made a timely filing impossible." Id.; see also Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (Petitioner was entitled to equitable tolling where he was denied all access to his legal papers for 11 months while in administrative segregation).

Following Ramirez, district courts have held that limited access to the law library during a stay in the ASU or SHU does not entitle a prisoner to equitable tolling of the habeas statute of limitations, unless there is some showing that Petitioner was denied total access to the law library or to his legal file. See, e.g., Melgar v. Schwartz, No. CV 11-10347-SVW PLA, 2012 WL 4512084, at *4 (C.D. Cal. July 18, 2012), report and recommendation adopted, 2012 WL 4512482 (C.D. Cal. Sept. 27, 2012) ("Although petitioner's library access was limited due to his placement in the ASU and SHU, it was not outright denied for extended periods of time, and there is no indication that he was ever deprived of his legal file or was lacking specific legal materials pertinent to his case."); see also Gonzales v. Macomber, No. CV 15-0985-VBF (JEM), 2015 WL 7566285, at *4 (C.D. Cal. Sept. 14, 2015), report and recommendation adopted, 2015 WL 7566622 (C.D. Cal. Nov. 24, 2015) ("Petitioner has failed to show that he was prevented from accessing his legal materials such that he could not file his federal habeas petition on time."); Sok v. Lewis, No. CV 12-09103 RZ, 2013 WL 1499604, at *2 (C.D. Cal. Apr. 10, 2013) ("Petitioner does not quite state that he lacked access specifically to *legal papers needed to prepare his next petition* (as opposed to "personal property" generally) and to *library resources,* including the ability to obtain cases and printouts remotely (as opposed to Petitioner's being allowed physical entry into the library).").

**1. Discovery of Law Review Article.**

In his response to the Court's OSC, Petitioner argues that he had not heard of the Supreme Court's decision in Johnson until:

Along came an analysis (or judicial thesis) entitled Why California's

> Second-Degree Felony-Murder Rule is Now Void for Vagueness (which caused me to research and attack second degree robbery). The thesis was executed by professor of law Evans Tsen Lee from UC Hasting[s] School of Law on October 15, 2015. … Some thirty days or so Professor Lee's thesis of second-degree felony murder arrived at the penal institution of the California State Prison (C.S.P. Corcoran SHU). It narrowly landed at facility "4A" law library. It was only then that Petitioner had awareness of the complexity of Professor Lee's contributing legal thesis.

(Dkt. 8 at 6-7.)[4]

Petitioner's discovery of this new legal authority in approximately November 2015 does not entitle Petitioner to equitable tolling or a different triggering date for the statute of limitations. "[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see also Wills v. Tilton, No. C 07-3354 CW PR, 2012 WL 762012, at *2 (N.D. Cal. Mar. 8, 2012) ("[I]gnorance of the law and lack of legal experience typically do not excuse untimely filing, even for a pro se incarcerated prisoner."). Cf. Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.").

**2. Limited Access to Law Library While in the ASU and SHU.**

Petitioner alleges that he was in the ASU and/or the SHU between September 2014 and July 2016, when he was transferred to a different prison in Tehachapi, California. (Dkt. 8 at 8.) He asks the Court to take judicial notice of a document

[4] The article that Petitioner appears to be referring to is available at: http://www.hastingscon lawquarterly.org /archives/V43/I1/Lee_Final.pdf .

from the California Department of Corrections and Rehabilitation. (Dkt. 9.) This document notes that Petitioner was sentenced to a two-year "Aggravated SHU term for RVR [rules violation report] of 12/24/2014 for Battery/Assault on a[n] inmate with a weapon or physical force capable of causing mortal or serious injury." (Dkt. 9 at 5-6.) The document further notes, "Approved as Assessed and Imposed by ICC [Institution Classification Committee] action on 02/05/2015 with a MERD [minimum eligible release date] of 03/22/2016." (Id. at 6.) The auditor endorses Petitioner's transfer to another prison. (Id. at 5.) Other available public records confirm that Petitioner is currently housed in Tehachapi.[5]

The Court grants Petitioner's request for judicial notice of the record from the California Department of Corrections. See Fed. R. Evid. 201(b) (Court nay take judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); Brown v. Valoff, 422 F.3d 926, 932-33, n.7, 9 (9th Cir. 2005) (Court may take judicial notice of a record of a state agency that is not subject to reasonable dispute); see, e.g., Birdwell v. Martel, 2012 WL 1131540, at *1 (E.D. Cal. Mar. 30, 2012) (taking judicial notice of Board of Parole Hearings Decision submitted by petitioner). [6]

Petitioner pled no contest to second degree robbery and voluntary manslaughter in April 2004. (Petition at 15, 41.) Petitioner alleges he was in the ASU and/or SHU between approximately September 2014 and July 2016. Johnson, on which his federal petition is based and under which he argues his Petition is

---

[5] See California Department of Corrections and Rehabilitation, Inmate Locator, http://inmatelocator.cdcr.ca.gov/ .

[6] He also asks the Court to take judicial notice of the proof of service form, showing that he served the response to the order to show cause and the request for judicial notice on this Court. This is not necessary because the Court has received the response and appendix, both of which have been docketed by the Clerk.

timely, was decided on June 25, 2015. Between August and October 2016, Petitioner filed three habeas petitions in the state courts, as discussed above. His federal habeas petition was constructively filed on December 29, 2016. (Dkt. 1 at 8.)

Petitioner argues that, in the approximately two years he was held in the ASU and SHU, he "was only allowed access to the law library six (6) times." (Dkt. 8 at 9.) Petitioner admits that he read the law review article by Professor Lee during this time, in approximately November 2015, but he argues he was still "not up to par to prepare a petition from reading the [article] written by Professor Lee." (Id.) He alleges that, after his transfer to Tehachapi, he "met an inmate who eventually assisted him in crafting[,] preparing[,] and finalizing his petition for writ of habeas corpus which was leave or take 4 to 6 months." (Id. at 10.)

The official record submitted by Petitioner, of which the Court has taken judicial notice, indicates that Petitioner was placed in the ASU and SHU because he committed "Battery/Assault on a[n] inmate with a weapon or physical force capable of causing mortal or serious injury." (Dkt. 9 at 5-6.) The Ninth Circuit has described the "extraordinary circumstances" necessary for equitable tolling as ones "beyond a prisoner's control." Laws v. Marque, 351 F.3d 919, 922 (9th Cir. 2003). Some district courts have therefore concluded that equitable tolling is not available if a petitioner was placed in the ASU or SHU because of his own misconduct. See Knox v. Soto, No. CV 15-1631-GHK (KES), 2016 WL 3679299, at *8 (C.D. Cal. May 6, 2016), report and recommendation adopted, 2016 WL 3659168 (C.D. Cal. July 7, 2016) ("In both Espinoza-Matthews and Ramirez, the petitioners were not placed in administrative segregation due to adverse disciplinary findings. There is a contrasting line of cases holding that placement in administrative segregation due to their own misconduct cannot give rise to equitable tolling, because it was not due to circumstances that were beyond the inmate's control."); see, e.g., Rivera v. Montgomery, No. 14CV700-WQH BLM, 2014 WL 7183669, at *12 (S.D. Cal.

Dec. 16, 2014) ("Petitioner's time in the ASU was not 'some extraordinary circumstance [that] stood in his way,' but the result of his own misconduct."); Bolanos v. Kirkland, No. 106CV-00808AWI-TAGHC, 2008 WL 928252, at *4 (E.D. Cal. Apr. 4, 2008), report and recommendation adopted, 2008 WL 1988878 (E.D. Cal. May 5, 2008) ("Moreover, Petitioner's lack of access to the law library due to his being placed in the [ASU] appears to be a direct result of Petitioner's own misconduct in prison."). Some courts have been hesitant to deny equitable tolling on this basis, if there is a factual dispute about whether placement in the ASU or SHU was justified. See Johnson v. Jacquez, No. CIV S-09-2108, 2010 WL 3619427, at *2 (E.D. Cal. Sept. 13, 2010), report and recommendation adopted, 2011 WL 837751 (E.D. Cal. Mar. 2, 2011) (declining to deny equitable tolling where petitioner alleged he was not at fault in the incident, because it "would require the court to determine the merits of a prisoner's placement in [ASU] after being found guilty of an offense in an internal prison proceeding without the benefit of ordinary constitutional safeguards"). In this case, however, Petitioner does not allege that he was falsely accused of assault or that he was not at fault in the incident; indeed, he asked the Court to take judicial notice of the public record noting his discipline for the assault. (Dkt. 9 [request for judicial notice].)

Regardless of the reasons why Petitioner was in the ASU and SHU, the Court finds that Petitioner's allegations are insufficient to demonstrate the "extraordinary circumstances" necessary for equitable tolling. Petitioner does not allege that he was denied access to his legal papers while in the ASU and/or SHU. He also does not allege that he was denied total access to the law library; in fact, he admits that he was given access to the library approximately every four months and that, during this time period, he read a law review article on which he ultimately based his federal habeas petition. The Court also notes that his federal habeas petition consists of the district-approved form, copies of the Johnson decision, and copies of orders from the state courts denying Petitioner's other habeas petitions; it does not

contain a memorandum of law. Petitioner does not explain why he could not have sent copies of these materials to the state courts and this Court, once he became aware of Johnson and its possible application to his sentence, back in November 2015.

Accordingly, Petitioner is not entitled to equitable tolling based on his limited access to the law library while he was in the ASU and/or SHU.

**IV.**

**CONCLUSION**

IT IS THEREFORE ORDERED that this action be summarily dismissed as untimely pursuant to Rule 4 of the Rules Governing Section 2254 and 2255 Cases in the United States District Courts.

DATED: 3/6/17

DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN E. SCOTT
United States Magistrate Judge